UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA LOCKETT, | No. C 05-576 SI (pr) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| Warden SCHELIA CLARK, | |
| Respondent. | |

Patricia Lockett, a prisoner currently incarcerated at the Federal Correctional Institution in Dublin, California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which she alleged that the Bureau of Prisons has miscalculated the good time credits to which she is entitled under 18 U.S.C. § 3624(b) and that the miscalculation will result in a longer term of imprisonment than that to which she is entitled if she continues to earn good time credits for the rest of her sentence. The court issued an order to show cause why the writ should not be granted. Respondent then filed a response and motion to dismiss the petition in which she contended that the BOP's interpretation of § 3524(b) is correct and governs the calculation of Lockett's time credits.

A federal prisoner serving a term of more than a year but less than life "may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term" for good behavior. 18 U.S.C. § 3624(b)(1) (emphasis added). The BOP's implementing regulation provides that an "inmate earns 54 days credit toward service of sentence (good-time

credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year." 28 C.F.R. § 523.20; accord BOP Program Statement 5880.28 § 1-41.

Lockett contends that § 3624(b)'s phrase "term of imprisonment" means the "sentence actually imposed" while the BOP has interpreted the phrase to mean "time actually served." The sole issue here is whether the BOP's interpretation must be followed, because Lockett contends only that BOP's interpretation is wrong and does not contend that the BOP's calculation under the BOP's interpretation is wrong

After Lockett's petition was filed, the Ninth Circuit issued a decision which addressed the exact question posed by Lockett's petition and decided it squarely against Lockett's position. In Mujahid v. Daniels, 413 F.3d 991 (9th Cir. 2005), the issue was whether the BOP correctly interpreted § 3624(b). The Mujahid court determined that its earlier decision in Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), was controlling. 'Pacheco-Camacho established that the phrase 'term of imprisonment' in 18 U.S.C. § 3524(b)(1) is ambiguous, that the BOP's interpretation was reasonable and is thus entitled to deference." Mujahid. 413 F.3d at 999. As a result, Mujahid was entitled to earn credits based on time actually served rather than on the sentence imposed. See id.

Applying Mujahid and Pacheco-Comacho here compels the rejection of Lockett's petition. Lockett is not entitled to a writ of habeas corpus because the BOP's interpretation of § 3624(b) to allow time credits to be earned only on time actually served and its calculation of Lockett's good time credits under that interpretation is not in "violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3).

The petition is DENIED on the merits. Respondent's motion to dismiss is denied because denial rather than dismissal is the appropriate resolution of the petition. (Docket # 6.) The clerk shall close the file.

IT IS SO ORDERED.

Dated: September _20__, 2005

_____
SUSAN ILLSTON
United States District Judge